**Opinion issued July 23, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-24-00562-CR**

**NO. 01-24-00567-CR**

————————————

**JAMES  MICHAEL SOTELO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1715366 and 1720032**

---

**O P I N I O N**

Appellant James Michael Sotelo was charged in two separate indictments with murder and aggravated assault stemming from events in March 2021. The State moved to consolidate, and Sotelo proceeded to a jury trial. The jury found

him guilty of murder, but acquitted him of aggravated assault, finding him guilty instead of the lesser-included offense of deadly conduct.[1] The trial court assessed punishment at 40 years' imprisonment for murder and 2 years' imprisonment for deadly conduct, to run concurrently.

On appeal, Sotelo contends that there was a deficiency in the indictment, that his counsel was ineffective, and in three issues, that the judgments should be modified to correct improper assessments in the bill of costs. We sustain the issues related to duplicative court costs and assessment of witness-summoning costs and overrule Sotelo's other appellate issues.

## Background[2]

Sotelo, his brother, and his friend were together at Sotelo's house. Sotelo shot his friend thirteen times, hitting him in the back eleven times. One bullet went through a wall and hit Sotelo's brother in the head. The brother survived but the friend did not. Sotelo testified that the shooting was in self-defense.

## Indictment

In his first issue, Sotelo contends that the indictments were invalid because they were signed by the assistant foreperson of the grand jury, not its foreperson. He argues that the lack of the foreperson's signature renders the indictments

---

[1]    *See* TEX. PENAL CODE §§ 19.02 (murder), 22.05 (deadly conduct).

[2]    Sotelo's appellate issues do not challenge the evidence or its sufficiency, so a detailed recitation of the underlying facts is not necessary.

insufficient under Code of Criminal Procedure article 21.02. That article lists a series of "requisites" that an indictment must contain to be "deemed sufficient," including that the indictment "shall be signed officially by the foreman of the grand jury." TEX. CODE CRIM. PROC. art. 21.02(9). Sotelo argues that the insufficiency of the indictments means the trial court never obtained personal jurisdiction, and therefore the judgments are void.

The Court of Criminal Appeals has rejected this argument. *See Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (citing article 21.02 and holding that "lack of a signature is of no consequence in this matter, and is, in fact, not essential to the validity of the indictment"); *Tatmon v. State*, 815 S.W.2d 588, 590 (Tex. Crim. App. 1991) (same); *Owens v. State*, 540 S.W.2d 324, 325 (Tex. Crim. App. 1976) (stating it is permissible for another grand juror to sign indictment); *see also Nwosoucha v. State*, 325 S.W.3d 816, 829 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (applying *Riney* and *Owens*).

Sotelo argues that the Court of Criminal Appeals misapplied 1966 changes to Code of Criminal Procedure Article 27.09, but in *Tatmon*, the Court of Criminal Appeals expressly considered the 1966 changes to article 27.09 and nonetheless concluded that "the absence of [the grand jury foreperson's] signature did not adversely affect the validity of the indictment." 815 S.W.2d at 589–90.

We hold that the signature of the assistant grand jury foreperson on Sotelo's indictments did not render them invalid. We overrule Sotelo's first issue.

**Ineffective Assistance of Counsel**

In his second issue, Sotelo argues that he received ineffective assistance of counsel. He alleges that trial counsel "fail[ed] to know the range of punishment for murder." He argues that his trial counsel was ineffective because he requested community supervision, but Texas law does not allow trial courts to suspend imposition of sentence for murder convictions. *See* TEX. CODE CRIM. PROC. arts. 42A.054(a)(2); 42A.056(3). According to Sotelo, his belief he was eligible for probation "tainted the entire trial for [him]."

To succeed on an ineffective assistance claim, a defendant must prove by a preponderance of the evidence that his counsel's actions fell below an objective standard of reasonableness and that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland* v. *Washington*, 466 U.S. 668, 687–88, 694 (1984). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Even assuming arguendo that counsel's performance was deficient, Sotelo has not met his burden to prove that the result of the proceeding would have been different. In his brief, Sotelo argues that he was harmed because counsel led him to

4

believe that he was probation-eligible for murder when he was not. As proof, Sotelo offers that his counsel filed an application for community supervision before trial. Such motions, however, are required to be filed before trial. And when defense counsel filed the motion, the possibility remained available that the jury might have acquitted Sotelo of murder but convicted him of aggravated assault and/or a lesser included offense, leaving Sotelo eligible for community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.055(b). Thus, this application for community supervision does not support Sotelo's claim.

The record also does not show how Sotelo's alleged belief in his eligibility for community supervision "tainted the entire trial." Ineffective assistance claims must be firmly rooted in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). In *Swinney v. State*, Swinney chose to have his punishment assessed by the trial court, and as here, his attorney requested community supervision although Swinney was not eligible. 663 S.W.3d 87, 89–91 (Tex. Crim. App. 2022). The Court of Criminal Appeals rejected Swinney's ineffective assistance claim because Swinney did not produce evidence showing any allegedly incorrect advice that altered his decision making about his punishment election. *Id.* at 92.

Similarly, here, the record does not show that incorrect advice from trial counsel altered any decision Sotelo made. Nothing in the record suggests that Sotelo's decision to go to trial or his election to have the trial court assess

5

punishment was informed by an erroneous understanding of his eligibility for probation if convicted. Sotelo did not meet his burden to prove that he was prejudiced by the alleged ineffective assistance of counsel.

We overrule Sotelo's second issue.

## Court Costs

In his remaining three issues, Sotelo complains about the imposition of court costs.

## A.    Duplicate Costs

In his third issue, Sotelo argues that he was assessed duplicate court costs for his two convictions, and the State agrees. When a defendant is convicted of multiple offenses in a single criminal action, each court cost or fee may be assessed only once, and each cost should be assessed only for the highest degree offense of conviction. TEX. CODE CRIM. PROC. art. 102.073(a)–(b). Because the cases were consolidated at trial, Sotelo was tried in a single criminal action, but the record reflects that Sotelo was assessed state and local consolidated court costs in both judgments.[3]

Sotelo and the State concur that the remedy is striking the repetitive court costs, totaling $290, from one of Sotelo's convictions. Accordingly, we sustain Sotelo's third issue and modify the judgment for the deadly conduct conviction

---

[3]    Sotelo was assessed a consolidated state court cost of $185 and a consolidated local court cost of $105 in each judgment and bill of costs.

(Appeal No. 01-24-00567-CR; Trial Court No. 1720032) to reflect $0 in court costs, and we modify the associated bill of costs to reflect consolidated state and local court costs of $0.

## B.     Witness Summoning

In his fourth issue, Sotelo claims he was incorrectly assessed witness-summoning fees for witnesses who were not summoned.[4] He contends the court should reduce the witness-summoning fees assessment by $105, which represents 21 "un-executed" subpoenas.

The bill of costs in the murder conviction shows that the court assessed $835 for "LEA – Summon Witness." The record contains 167 subpoenas, and $835 equates to $5 per subpoena. Sotelo contends that of the 167 subpoenas, 21 were "un-executed."

The State does not dispute that 21 of the subpoenas were unexecuted. The State argues that officers should be compensated for work performed in service of subpoenas, not just successful service, and suggests we remand to the trial court for determination of the witness-summoning fees, including potentially adding additional statutorily allowed costs for mileage reimbursement.

---

[4]     This issue concerns only the bill of costs in the murder conviction. (No. 01-24-00562-CR). Sotelo does not appeal the witness summoning costs billed in his deadly conduct conviction.

We focus on the 21 subpoenas marked "un-executed" because these are the subpoenas and corresponding witness-summoning fees about which Sotelo complains on appeal. Upon conviction, a defendant must pay a $5 reimbursement fee for each witness summoned by a peace officer. TEX. CODE CRIM. PROC. art. 102.011(a)(3). This fee is assessed for each witness each time the witness is summoned. *See Ramirez v. State*, 410 S.W.3d 359, 366 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("Accordingly, we construe the statute to require a $5 fee for each witness summoned each time the witness is summoned."); *see also Abad v. State*, 729 S.W.3d 108, 119 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (holding same); *Adaji v. State*, 729 S.W.3d 837, 850 (Tex. App.—Houston [14th Dist.] 2025, pet. ref'd) (citing *Ramirez* and holding same). The Code of Criminal Procedure outlines several ways a subpoena may be served. *See* TEX. CODE CRIM. PROC. art. 24.04(a)(1)–(4) (stating subpoena is served by reading the subpoena in hearing of witness, delivering a copy of it to witness, electronically transmitting copy to last known electronic address of witness, or mailing copy of subpoena by certified mail to last known address of witness).

The 21 subpoenas marked "un-executed" were not served on the witness in accordance with Article 24.04(a), and therefore, the trial court improperly assessed a $5 witness-summoning fee for each one. *See Adaji*, 729 S.W.3d at 850–51 (agreeing with parties that subpoenas returned "unexecuted" were defective and

8

deleting $5 per subpoena fee for subpoena returns marked "unexecuted"); *Abad*, 729 S.W.3d at 120 (citing *Adaji*, holding "a return reciting that a subpoena was 'unexecuted' does not validly support a $5 witness-summoning fee," and adjusting court costs accordingly).

Because we conclude that the fee should not have been assessed for the 21 unexecuted subpoenas, we sustain Sotelo's argument and reduce the witness-summoning fee in the murder case (Appeal No. 01-24-00562-CR) by $105 to $730.

## C.  Delayed Payment

In his final issue, Sotelo requests the removal of all assessed costs and fees from the bill of costs. He explains that although the fees were not ordered to be repaid until appellant is released from custody the issuance of an itemized bill of costs makes those costs payable immediately. The State disagrees that there is a conflict, responding that the bill of costs defines the amount assessed and the judgments control the date payment is due.

Both judgments contain identical language that states:

Upon release from confinement, the Court Orders Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or arrange to pay any fines, court costs, reimbursement fees, and restitution due.

The Code of Criminal Procedure states that "[a] cost is not payable by the person charged with the cost until a written bill is (1) produced . . . ; (2) signed by . . . the officer who is entitled to receive payment for the cost; and (3) provided by the person charged with the cost." TEX. CODE CRIM. PROC. art. 103.001(a).

Neither article 103.001 nor the bill of costs requires Sotelo to pay the costs immediately. The bill of costs provides the amount payable by Sotelo, and the judgment specifies when he must pay those amounts. *Compare* TEX. CODE CRIM. PROC. art. 103.001(a) (stating cost is "not payable . . . until" written bill is produced, signed, and provided to person charged) *with id.* art. 42.15(b)(2) (authorizing court to direct defendant to pay fine and costs at some later date). We do not agree with Sotelo's argument that the issuance of the bill of costs makes the costs payable immediately, in conflict with the judgment. *See Abad*, 729 S.W.3d at 123 (concluding bill of costs does not specify timeline for paying costs and judgment may make costs payable immediately upon satisfaction of art. 103.001(b) criteria or at later date). We decline Sotelo's request to delete all costs.

We overrule Sotelo's fifth issue.

## Conclusion

In the murder case (Appeal No. 01-24-00562-CR, Trial Court No. 1715366), we modify the judgment by reducing the reimbursement fees by $105 from $875 to $770. We also modify the bill of costs by reducing the "LEA–Summon Witness"

fee from $835 to $730 such that the total amount assessed in the bill of costs is reduced from $1,165 to $1,060.

In the deadly conduct case, (Appeal No. 01-24-00567-CR, Trial Court No. 1720032), we modify the judgment by reducing the court costs from $290 to $0. We also modify the bill of costs to delete the consolidated court costs of $185 and $105, reflecting "Consolidated Court Cost- State" is $0 and "Consolidated Court Cost – Local" is $0, such that the total amount assessed is $100.

The judgments are affirmed as modified.


                                        Susanna Dokupil
                                        Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Publish.  TEX. R. APP. P. 47.2(b).